

# Ocean County
## Document Summary Sheet

| | |
|---|---|
| OCEAN COUNTY CLERK | INSTR # 2021142377 |
| PO BOX 2191 | OR BK 18707 PG 718 |
| COURTHOUSE | RECORDED 10/04/2021 12:12:50 PM |
| TOMS RIVER NJ 08754 | SCOTT M. COLABELLA, COUNTY CLERK |
| | OCEAN COUNTY, NEW JERSEY |
| | RECORDING FEES 100.00 |

**Official Use Only**

| Transaction Identification Number | 5606964 | 6683776 |
|---|---|---|
| Submission Date (mm/dd/yyyy) | 10/04/2021 | |
| No. of Pages (excluding Summary Sheet) | 7 | |
| Recording Fee (excluding transfer tax) | $100.00 | |
| Realty Transfer Tax | $0.00 | |
| Total Amount | $100.00 | |
| Document Type | MORTGAGE MODIFICATION | |

**Return Address** (for recorded documents)
RUTH RUHL, P.C.
12700 PARK CENTRAL DRIVE, SUITE 850
DALLAS, TX 75251

**Municipal Codes**
TOMS RIVER TOWNSHIP    8

**Batch Type**    L2 - LEVEL 2 (WITH IMAGES)

881925

*This is not an official document*

**Additional Information (Official Use Only)**

\* DO NOT REMOVE THIS PAGE.
COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF OCEAN COUNTY FILING RECORD.
RETAIN THIS PAGE FOR FUTURE REFERENCE.

## Ocean County
## Document Summary Sheet

**MORTGAGE MODIFICATION**

| | | | | |
|---|---|---|---|---|
| Type | MORTGAGE MODIFICATION | | | |
| Consideration | | | | |
| Submitted By | RUTH RUHL, P.C. (CSC/INGEO SYSTEMS INC) | | | |
| Document Date | 05/08/2021 | | | |
| Reference Info | | | | |
| Book ID | Book | Beginning Page | Instrument No. | Recorded/File Date |
| OR | 17746 | 958 | 2020002779 | |

*This is not an official document*

| MORTGAGOR | Name | Address |
|---|---|---|
| | MARK W PETERS | |
| | ROSA PETERS | |

| MORTGAGEE | Name | Address |
|---|---|---|
| | CITIMORTGAGE INC | |

| Parcel Info | | | | | |
|---|---|---|---|---|---|
| Property Type | Tax Dist. | Block | Lot | Qualifier | Municipality |
| | | | | | |

**\* DO NOT REMOVE THIS PAGE.**
**COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF OCEAN COUNTY FILING RECORD.**
**RETAIN THIS PAGE FOR FUTURE REFERENCE.**

**After Recording Return To:**
RUTH RUHL, P.C.
Attn: Recording Department
12700 Park Central Drive, Suite 850
Dallas, Texas 75251

_____[Space Above This Line For Recording Data]_____

Loan No.: 4777790488
Investor Loan No.: 4018518365

# LOAN MODIFICATION AGREEMENT
(Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this 8th day of May, 2021, between MARK W PETERS and ROSA PETERS, AS TENANTS BY THE ENTIRETY ("Borrower/Grantor") and Citimortgage, Inc., whose address is 1000 Technology Drive MS-303, O'Fallon, Missouri 63368 ("Lender/Grantee"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated November 18th, 2019, recorded January 9th, 2020, and recorded in Book/Liber 17746, Page 958, Instrument No. 2020002779, of the Official Records of OCEAN County, New Jersey, and (2) the Note in the amount of U.S. $ 220,000.00, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property," located at 1043 FRONTAGE RD, TOMS RIVER, New Jersey 08753,

NEW JERSEY LOAN MODIFICATION AGREEMENT
(FNMA Modified Form 3179 1/01 (rev. 04/14))

Page 1 of 6

## EXHIBIT A

ALL that certain lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Township of Toms River, in the County of Ocean, State of New Jersey:

Known and designated as Lot 23 in Block 444-30 as set forth on a certain map entitled, "Final Map of Fairwinds Section 1" situated in the Township of Toms River, County of Ocean, State of NJ, which map was filed on April 1, 1977 in the Ocean County Clerk's Office as Map No. B-754.

NOTE: Being Lot(s) 23, Block(s) 444.30; on the Official Tax Map of Township of Toms River, County of Ocean, State of New Jersey.

This is not an official document

Loan No.: 4777790488

the real property described being set forth as follows:
SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of July 1st, 2021, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $ 225,581.30, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 3.625 %, from June 1st, 2021. Borrower promises to make monthly payments of principal and interest of U.S. $ 890.87, beginning on the 1st day of July, 2021, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of 3.625 % will remain in effect until principal and interest are paid in full. If on June 1st, 2061, (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the specified date in paragraph No. 1 above:
(a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and
(b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

Loan No.: 4777790488

5. Borrower understands and agrees that:

(a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f) Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging ☐.

6. If applicable, by this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligations to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

7. Borrower will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been

Loan No.: 4777790488

waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and Borrower shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this paragraph.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender and Borrower can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund Borrower any Funds held by Lender.

Loan No.: 4777790488

| | | |
|---|---|---|
| 6-10-2021 | /s/ Mark W Peters | (Seal) |
| Date | MARK W PETERS | –Borrower |
| 6-10-2021 | /s/ Rosa Peters | (Seal) |
| Date | ROSA PETERS | –Borrower |
| | | (Seal) |
| Date | | –Borrower |
| | | (Seal) |
| Date | | –Borrower |

*This is not an official document*

## BORROWER ACKNOWLEDGMENT

State of  New Jersey  §
                     § ss.
County of  Ocean     §

I certify that on  June 10 , 2021 , MARK W PETERS and ROSA PETERS

personally came before me and stated to my satisfaction that this person (or if more than one, each person):

(a) was the maker of the attached document; and
(b) executed this document as his or her own act.

PAUL J. PARKER
NOTARY PUBLIC OF NEW JERSEY
Commission # 50142534
My Commission Expires 11/5/2025

/s/ Paul J. Parker
Name

Paul J. Parker
Type or Print Name of Notary

Notary Public
Title
My Commission Expires:  11-5-2025

ACKNOWLEDGMENT (NEW JERSEY)                                Page 5 of 6

Loan No.: 4777790488

Citimortgage, Inc.           6-21-2021
—Lender          -Date

By: *[signature]*
Printed Name: Felice Jones
Its: **Vice President-Document Execution**

*[watermark: This is not an official document]*

## LENDER ACKNOWLEDGMENT

State of New Jersey §
County of Mercer §

I CERTIFY that on June 21, 2021, Felice Jones personally came before me and stated to my satisfaction that this person (or if more than one, each person):
(a) was the maker of the attached instrument
(b) was authorized to and did execute this instrument as VP Document Execution, of Citimortgage, Inc.

the entity named in this instrument; and,
(c) executed this instrument as the act of the entity named in this instrument.

*[Notary stamp: ANABEL HOFFMAN, NOTARY PUBLIC OF NEW JERSEY, My Commission Expires May 7, 2024, ID# 50104208]*

*[signature]* Notary Signature

Type or Print Name of Notary: ANABEL HOFFMAN
My Commission Expires: May 7, 2024

ACKNOWLEDGMENT (NEW JERSEY)      Page 6 of 6

CFN 2021142377 O DOC_TYPE MTG MOD BK 18707 PG 726 PAGE 9 OF 9